EBS:mad

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20160-CR-MARTINEZ

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

MARIKA TOLZ,

       Defendant.
_____/

**UNITED STATES' MOTION FOR ENTRY**
**OF FINAL ORDER OF FORFEITURE**

THE UNITED STATES OF AMERICA hereby moves for the entry of a final order of forfeiture in this action and in support thereof submits the following:

1. On July 26, 2011, the Court entered a Preliminary Order of Forfeiture [D.E. #52] condemning and forfeiting the interest of Defendant MARIKA TOLZ in the following assets pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), the procedures set forth at 21 United States Code, Section 853[1]:

    a)    Funds, including interest, in the approximate amount of $967,856, in the *Estate of James P. Driscoll* (Case No. 06-12420-BKC-JKO) Money Market Account ending

---

[1] The procedures set forth in 21 U.S.C. § 853 are incorporated by 28 U.S.C. § 2461 (as amended on March 9, 2006).

        in -4255 at Bank of America that were originally derived from Sun American Bank Account number 0110624401;[2]

b)     Funds, including interest, in the approximate amount of $177,531.00, which have been interplead by the Wilkinson Hi-Rise Bankruptcy Trustee in Case No. 06-11939-RBR, Adv.Proc.No.: 10-03628-JKO, that were originally derived from the following bank accounts: Bank of America account ending in -2063, in the name of Statewide Realty Corp.; Bank of American account ending in -0137, in the name of Marika Tolz, Tr. Op. Acct; So.Sec. Bank account ending in -9101, in the name of Statewide Realty Sp.Tr.Acct.; Regents Bank account ending in -1706, in the name of Marika Tolz; and Bank Atlantic account ending in 6760, in the name of State Wide Financial;[3]

c)     the sum of approximately $134,012.71 in funds, including interest, in First Citizen's Bank (formerly Sun American Bank) General Ledger Account ending in -0102 that were originally derived from Sun American Bank Account Number 0110624401;[4]

d)     real property located at 1804 Sherman Street, Hollywood, Florida;

e)     real property located at 704 SE 3rd Avenue, Hallandale, Florida;

f)     real property located at 815 SW 30th Street, Ft. Lauderdale, Florida;

g)     real property located at 3031 North Ocean Blvd, Apartment 403, Fort Lauderdale, Florida 33308;

h)     real property located at 2344 North Federal Highway, Hollywood, Florida;

i)     real property located at 229 Fernwood Lane, Pisgah Forest, North Carolina;

j)     real property located at 252 Fernwood Lane, Pisgah Forest, North Carolina;

---

[2]     Pursuant to Order Modifying Protective Order (D.E. #65), this asset was released from the instant criminal case.

[3]     Pursuant to Order Modifying Protective Order (D.E. # 44), $25,000 were released from the instant criminal case.

[4]     Pursuant to Order Modifying Protective Order (D.E. # 67), this asset was released from the instant criminal case.

  k)  a money judgment in the amount of $2,421,410 in U.S. currency; and

  l)  real property located at Oakhurst Drive, New Jersey.

  2.  Pursuant to Rule G(4)(a)(iv)(c), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,[5] notice of the publication of forfeiture was posted on an official government internet site (www.forfeiture.gov) for thirty (30) consecutive days, beginning on July 29, 2011 and ending on August 27, 2011.

  3.  The Declaration of Publication was filed with the Clerk of this Court on October 18, 2011 [DE #84].

  4.  Notice of this action along with certified copies of the Preliminary Order of Forfeiture were sent via e-mail to Benedict P. Kuehne, Esq. on September 22, 2011 who agreed to accept service on behalf of the Tolz Family Trust, Cindy Orlinsky, Craig Dennis Tolz and Zoltan Czitter (see attached Exhibit A).

  5.  Title 21, United States Code, Section 853(n)(2), provides, in pertinent part, that "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States...may, within thirty days of the final publication of notice or his receipt of [direct written] notice...petition the court for a hearing to adjudicate the validity of his alleged interest in the property." Title 21, United States Code, Section 853(n)(7) provides that "[f]ollowing the court's disposition of all petitions filed under this subsection...the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee."

---

  [5]  Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, is made applicable by 21 U.S.C. § 853(n)(1), which gives the Attorney General authority to determine the manner of publication in a criminal case.

## REAL PROPERTIES

After publication and direct written notice was provided, a number of verified petitions and/or claims were filed against some or all of the real properties identified for forfeiture in the Preliminary Order of Forfeiture. As all claims have been addressed by the Court or through stipulation of the parties, and in accordance with 21 U.S.C. § 853(n)(7), the United States shall have clear title to the following real properties subject to the pertinent claim(s), if any, recognized below:

**1.     Real property located at 1804 Sherman Street, Hollywood, Florida (hereinafter RP01)**

a. RP01 is titled in the name of Marika Tolz as Trustee of the Tolz Family Trust.

b. A copy of the Preliminary Order of Forfeiture was sent via electronic mail to Ben Kuehne, Esq., who agreed to accept service on behalf of Marika Tolz, Trustee of the Tolz Family Trust; Cindy Julianna Orlinsky; Craig Dennis Tolz; and Zoltan Czitter.

c. The above-referenced persons/entities signed Consents to Forfeiture and did not petition the Court for a hearing to adjudicate the validity of their alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of their alleged interest in the property has expired.

d.  Finally, the United States acknowledges and agrees to pay the Broward County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

2. **Real property located at 815 SW 30th Street, Unit N, Ft. Lauderdale, Florida (hereinafter RP02)**

a. RP02 is titled in the name of Marika Tolz as Trustee of the Tolz Family Trust.

b. A copy of the Preliminary Order of Forfeiture was sent via electronic mail to Ben Kuehne, Esq., who agreed to accept service on behalf of Marika Tolz, Trustee of the Tolz Family Trust; Cindy Julianna Orlinsky; Craig Dennis Tolz; and Zoltan Czitter.

c. The above-referenced persons/entities signed Consents to Forfeiture did not petition the Court for a hearing to adjudicate the validity of their alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of their alleged interest in the property has expired.

d. Additionally, the United States agrees to pay Royal Property Management all unpaid assessments as are due as of the date of sale (liquidation), together with any interest accrued thereon, second in priority only to the ordinary and necessary expenses incurred by the United States' Marshals Service in connection with the seizure, maintenance, listing, and sale of RP02. The amount of assessments and costs due through and including May 1, 2012 are: $3195 (at a rate of $355/month).

e. Finally, the United States acknowledges and agrees to pay the Broward County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

**3.     Real property located at 3031 North Ocean Blvd, Apartment 403, Fort Lauderdale, Florida 33308 (hereinafter RP03)**

a. RP03 is titled in the name of Marika Tolz as Trustee of the Tolz Family Trust.

b. A copy of the Preliminary Order of Forfeiture was sent via email to the following persons/entities:

> i.    Ben Kuehne, Esq., counsel for Marika Tolz, Trustee of the Tolz Family Trust; Cindy Julianna Orlinsky; Craig Dennis Tolz; and Zoltan Czitter; and
>
> ii.   Bank of America, as successor in interest to Barnett Bank.

c. The above-referenced persons/entities did not petition the Court for a hearing to adjudicate the validity of their alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of their alleged interest in the property has expired. In addition, the beneficiaries of the Tolz Family Trust also signed Consents to Forfeiture.

d. Additionally, the United States agrees to pay Galt Ocean Terrace Condominium Association all unpaid assessments as are due as of the date of sale (liquidation), together with any interest accrued thereon, second in priority only to the ordinary and necessary expenses incurred by the United States' Marshals Service in connection with the seizure, maintenance, listing, and sale of RP03. The amount of assessments and costs due through and including May 1, 2012 are: $5,163 (with an additional $583 monthly as of June 1, 2012).

e. Finally, the United States acknowledges and agrees to pay the Broward County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

4. **Real property located at 2344 North Federal Highway, Hollywood, Florida (hereinafter RP04)**

a. RP04 is titled in the name of Marika Tolz as Trustee of the Tolz Family Trust.

b. A copy of the Preliminary Order of Forfeiture was sent via email to the following persons/entities:

> i. Ben Kuehne, Esq., counsel for Marika Tolz, Trustee of the Tolz Family Trust; Cindy Julianna Orlinsky; Craig Dennis Tolz; and Zoltan Czitter; and
>
> ii. Bank of America, as successor in interest to Barnett Bank.

c. The above-referenced persons/entities did not petition the Court for a hearing to adjudicate the validity of their alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of their alleged interest in the property has expired. In addition, the beneficiaries of the Tolz Family Trust also signed Consents to Forfeiture.

d. Finally, the United States acknowledges and agrees to pay the Broward County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

5. **Real property located at 229 Fernwood Lane, Pisgah Forest, North Carolina; (hereinafter RP05)**

a. RP05 is titled in the name of Marika Tolz as Trustee of the Revocable Trust Agreement dated August 22, 2006.

b. A copy of the Preliminary Order of Forfeiture was sent via electronic mail to Ben Kuehne, Esq., who agreed to accept service on behalf of Marika Tolz, Trustee of the Tolz Family Trust; Cindy Julianna Orlinsky; Craig Dennis Tolz; and Zoltan Czitter.

c. The above-referenced persons/entities signed Consents to Forfeiture did not petition the Court for a hearing to adjudicate the validity of their alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of their alleged interest in the property has expired.

d. Finally, the United States acknowledges and agrees to pay the Transylvania County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

**6.     Real property located at 252 Fernwood Lane, Pisgah Forest, North Carolina; (hereinafter RP06)**

a. RP06 is titled in the name of Marika Tolz as Trustee of the Revocable Trust Agreement dated August 22, 2006.

b. A copy of the Preliminary Order of Forfeiture was sent via electronic mail to Ben Kuehne, Esq., who agreed to accept service on behalf of Marika Tolz, Trustee of the Tolz Family Trust; Cindy Julianna Orlinsky; Craig Dennis Tolz; and Zoltan Czitter.

c. The above-referenced persons/entities signed Consents to Forfeiture and did not petition the Court for a hearing to adjudicate the validity of their alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of their alleged interest in the property has expired.

d. Finally, the United States acknowledges and agrees to pay the Transylvania County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

**7.       Real property located at Oakhurst Drive, New Jersey (hereinafter RP07)**

a. RP07 is titled in the name of Zolton Czitter and Eva Czitter.

b. A copy of the Preliminary Order of Forfeiture was sent via electronic mail to Ben Kuehne, Esq., who agreed to accept service on behalf of Marika Tolz, Trustee of the Tolz Family Trust; Cindy Julianna Orlinsky; Craig Dennis Tolz; and Zoltan Czitter.

c. The above-referenced persons/entities signed Consents to Forfeiture and did not petition the Court for a hearing to adjudicate the validity of their alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of their alleged interest in the property has expired.

d.  Finally, the United States acknowledges and agrees to pay the Monmouth County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

**8.       Real Property located at 704 SE 3rd Avenue, Hallandale, Florida (hereinafter RP08)**

Upon further review of the records and other related information considered with respect to Marika Tolz' interest in the preliminarily forfeited real property, the United States has determined that 704 SE 3rd Avenue, Hallandale, Florida should **not** be forfeited and should be dismissed from the Preliminary Order of Forfeiture.

**Wilkinson Interplead Funds**

Funds, including interest, in the approximate amount of $177,531.00, which had been interplead by the Wilkinson Hi-Rise Bankruptcy Trustee in Case No. 06-11939-RBR, Adv.Proc.No.: 10-03628-JKO (the "Interplead Funds") were preliminarily forfeited.  Said funds were originally derived from the following bank accounts: Bank of America account ending in -2063, in the name

9

of Statewide Realty Corp,; Bank of American account ending in -0137, in the name of Marika Tolz, Tr. Op. Acct; So.Sec. Bank account ending in -9101, in the name of Statewide Realty Sp.Tr.Acct.; Regents Bank account ending in -1706, in the name of Marika Tolz; and Bank Atlantic account ending in 6760, in the name of State Wide Financial.

Pursuant to Order Modifying Protective Order (D.E. # 44), $25,000 were released from the instant criminal case. In addition, Marika Tolz, as the President and Director of Statewide Financial, signed a Consent to Forfeiture.

After publication and direct written notice was provided, no other petitions and/or claims were filed against the Interplead Funds. As all claims have been addressed by the Court or through stipulation of the parties, and in accordance with 21 U.S.C. § 853(n)(7), the United States shall have clear title in the Interplead Funds, including interest, in the approximate amount of **$152,637.22**.

**Conclusion**

Based on the foregoing, the United States requests that a final order of forfeiture be entered accordingly.

WHEREFORE, as all claims have been addressed by the Court or through stipulation of the parties, the United States requests that the Court enter the attached, proposed Final Order of Forfeiture and for such other and further relief as this Court deems just and proper.

                      Respectfully submitted,

                      WIFREDO A. FERRER
                      UNITED STATES ATTORNEY

By:   */s/ Evelyn B. Sheehan*
       Evelyn B. Sheehan
       Florida Bar No. 944351
       Assistant United States Attorney
       U.S. Attorney's Office - SDFL
       99 Northeast Fourth Street, 7th Floor
       Miami, Florida 33132-2111
       Telephone: (305) 961-9125
       Facsimile: (305) 536-7599
       E-mail: Evelyn.sheehan@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 10, 2012, the undersigned electronically filed the foregoing document, United States' Motion for Entry of Final Order of Forfeiture, with the Clerk of the Court using CM/ECF.

                      */s/ Evelyn B. Sheehan*
                      Evelyn B. Sheehan
                      Assistant United States Attorney