UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20160-CR-MARTINEZ

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MARIKA TOLZ,

        Defendant.
_____/

**FINAL ORDER OF FORFEITURE**

THIS CAUSE is before the Court upon motion of the United States of America ("United States") for entry of a final order of forfeiture. Being fully advised in the premises the Court finds as follows:

1. On July 26, 2011, the Court entered a Preliminary Order of Forfeiture [D.E. #52] condemning and forfeiting the interest of Defendant MARIKA TOLZ in the following assets pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), the procedures set forth at 21 United States Code, Section 853[1]:

    a)    Funds, including interest, in the approximate amount of $967,856, in the *Estate of James P. Driscoll* (Case No. 06-12420-BKC-JKO) Money Market Account ending in -4255 at Bank of America that were originally derived from Sun American Bank Account number 0110624401;[2]

---

[1] The procedures set forth in 21 U.S.C. § 853 are incorporated by 28 U.S.C. § 2461 (as amended on March 9, 2006).

[2] Pursuant to Order Modifying Protective Order (D.E. #65), this asset was released from the instant criminal case.

b) Funds, including interest, in the approximate amount of $177,531.00, which have been interplead by the Wilkinson Hi-Rise Bankruptcy Trustee in Case No. 06-11939-RBR, Adv.Proc.No.: 10-03628-JKO, that were originally derived from the following bank accounts: Bank of America account ending in -2063, in the name of Statewide Realty Corp.;Bank of American account ending in -0137, in the name of Marika Tolz, Tr. Op. Acct; So.Sec. Bank account ending in -9101, in the name of Statewide Realty Sp.Tr.Acct.; Regents Bank account ending in -1706, in the name of Marika Tolz; and Bank Atlantic account ending in 6760, in the name of State Wide Financial;[3]

c) the sum of approximately $134,012.71 in funds, including interest, in First Citizen's Bank (formerly Sun American Bank) General Ledger Account ending in -0102 that were originally derived from Sun American Bank Account Number 0110624401;[4]

d) real property located at 1804 Sherman Street, Hollywood, Florida;

e) real property located at 704 SE 3rd Avenue, Hallandale, Florida;

f) real property located at 815 SW 30th Street, Ft. Lauderdale, Florida;

g) real property located at 3031 North Ocean Blvd, Apartment 403, Fort Lauderdale, Florida 33308;

h) real property located at 2344 North Federal Highway, Hollywood, Florida;

i) real property located at 229 Fernwood Lane, Pisgah Forest, North Carolina;

j) real property located at 252 Fernwood Lane, Pisgah Forest, North Carolina;

k) a money judgment in the amount of $2,421,410 in U.S. currency; and

l) real property located at Oakhurst Drive, New Jersey.

---

[3] Pursuant to Order Modifying Protective Order (D.E. # 44), $25,000 were released from the instant criminal case.

[4] Pursuant to Order Modifying Protective Order (D.E. # 67), this asset was released from the instant criminal case.

2.	Pursuant to Rule G(4)(a)(iv)(c), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,[5] notice of the publication of forfeiture was posted on an official government internet site (www.forfeiture.gov) for thirty (30) consecutive days, beginning on July 29, 2011 and ending on August 27, 2011.

.	3.	The Declaration of Publication was filed with the Clerk of this Court on October 18, 2011 [DE #84].

4.	Also in accordance with 21 U.S.C. § 853(n), direct written notice of forfeiture was provided to all persons and entities known to have an alleged interest in the preliminarily forfeited property. In particular, notice of this action along with certified copies of the Preliminary Order of Forfeiture were sent via e-mail to Bank of America, as successor in interest to Barnett Bank and Benedict P. Kuehne on September 22, 2011, who agreed to accept service on behalf of the Tolz Family Trust, Cindy Orlinsky, Craig Dennis Tolz and Zoltan Czitter.

## Real Properties

5.	After publication and direct written notice was provided, a number of verified petitions and/or claims were filed against some or all of the real properties identified for forfeiture in the Preliminary Order of Forfeiture. As all claims have been addressed by the Court or through stipulation of the parties, and in accordance with 21 U.S.C. § 853(n)(7), the United States shall have clear title to the following real properties subject to the pertinent claim(s), if any, recognized below:

1.	**Real property located at 1804 Sherman Street, Hollywood, Florida (hereinafter RP01)**

   a. RP01 is titled in the name of Marika Tolz as Trustee of the Tolz Family Trust.

---

[5] Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, is made applicable by 21 U.S.C. § 853(n)(1), which gives the Attorney General authority to determine the manner of publication in a criminal case.

b. A copy of the Preliminary Order of Forfeiture was sent via electronic mail to Ben Kuehne, Esq., who agreed to accept service on behalf of Marika Tolz, Trustee of the Tolz Family Trust; Cindy Julianna Orlinsky; Craig Dennis Tolz; and Zoltan Czitter.

c. The above-referenced persons/entities signed consents to forfeiture and did not petition the Court for a hearing to adjudicate the validity of their alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of their alleged interest in the property has expired.

d. Finally, the United States acknowledges and agrees to pay the Broward County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

2. **Real property located at 815 SW 30th Street, Unit N, Ft. Lauderdale, Florida (hereinafter RP02)**

a. RP02 is titled in the name of Marika Tolz as Trustee of the Tolz Family Trust.

b. A copy of the Preliminary Order of Forfeiture was sent via electronic mail to Ben Kuehne, Esq., who agreed to accept service on behalf of Marika Tolz, Trustee of the Tolz Family Trust; Cindy Julianna Orlinsky; Craig Dennis Tolz; and Zoltan Czitter.

c. The above-referenced persons/entities signed consents to forfeiture and did not petition the Court for a hearing to adjudicate the validity of their alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of their alleged interest in the property has expired.

d. Additionally, the United States agrees to pay Royal Property Management all unpaid assessments as are due as of the date of sale (liquidation), together with any interest accrued thereon,

second in priority only to the ordinary and necessary expenses incurred by the United States' Marshals Service in connection with the seizure, maintenance, listing, and sale of RP02. The amount of assessments and costs due through and including May 1, 2012 are: $3,195 (at a rate of $355/month).

e. Finally, the United States acknowledges and agrees to pay the Broward County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

3. **Real property located at 3031 North Ocean Blvd, Apartment 403, Fort Lauderdale, Florida 33308 (hereinafter RP03)**

a. RP03 is titled in the name of Marika Tolz as Trustee of the Tolz Family Trust.

b. A copy of the Preliminary Order of Forfeiture was sent via email to the following persons/entities:

    i. Ben Kuehne, Esq., counsel for Marika Tolz, Trustee of the Tolz Family Trust; Cindy Julianna Orlinsky; Craig Dennis Tolz; and Zoltan Czitter; and

    ii. Bank of America, as successors to Barnett Bank.

c. The above-referenced persons/entities did not petition the Court for a hearing to adjudicate the validity of their alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of their alleged interest in the property has expired. In addition, the beneficiaries of the Tolz Family Trust also signed Consents to Forfeiture.

d. Additionally, the United States agrees to pay Galt Ocean Terrace Condominium Association all unpaid assessments as are due as of the date of sale (liquidation), together with any

interest accrued thereon, second in priority only to the ordinary and necessary expenses incurred by the United States' Marshals Service in connection with the seizure, maintenance, listing, and sale of RP03.  The amount of assessments and costs due through and including May 1, 2012 are: $5,163 (with an additional $583 monthly as of June 1, 2012).

    e. Finally, the United States acknowledges and agrees to pay the Broward County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

4. **Real property located at 2344 North Federal Highway, Hollywood, Florida (hereinafter RP04)**

    a. RP04 is titled in the name of Marika Tolz as Trustee of the Tolz Family Trust.

    b. A copy of the Preliminary Order of Forfeiture was sent via email to the following persons/entities:

        i. Ben Kuehne, Esq., counsel for Marika Tolz, Trustee of the Tolz Family Trust; Cindy Julianna Orlinsky; Craig Dennis Tolz; and Zoltan Czitter; and

        ii. Bank of America, as successors to Barnett Bank.

    c. The above-referenced persons/entities did not petition the Court for a hearing to adjudicate the validity of their alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of their alleged interest in the property has expired.  In addition, the beneficiaries of the Tolz Family Trust also signed Consents to Forfeiture.

    d. Finally, the United States acknowledges and agrees to pay the Broward County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

5. **Real property located at 229 Fernwood Lane, Pisgah Forest, North Carolina; (hereinafter RP05)**

a. RP05 is titled in the name of Marika Tolz as Trustee of the Revocable Trust Agreement dated August 22, 2006.

b. A copy of the Preliminary Order of Forfeiture was sent via electronic mail to Ben Kuehne, Esq., who agreed to accept service on behalf of Marika Tolz, Trustee of the Tolz Family Trust; Cindy Julianna Orlinsky; Craig Dennis Tolz; and Zoltan Czitter.

c. The above-referenced persons/entities signed consents to forfeiture and did not petition the Court for a hearing to adjudicate the validity of their alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of their alleged interest in the property has expired.

d. Finally, the United States acknowledges and agrees to pay the Transylvania County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

6. **Real property located at 252 Fernwood Lane, Pisgah Forest, North Carolina; (hereinafter RP06)**

a. RP06 is titled in the name of Marika Tolz as Trustee of the Revocable Trust Agreement dated August 22, 2006.

b. A copy of the Preliminary Order of Forfeiture was sent via electronic mail to Ben Kuehne, Esq., who agreed to accept service on behalf of Marika Tolz, Trustee of the Tolz Family Trust; Cindy Julianna Orlinsky; Craig Dennis Tolz; and Zoltan Czitter.

c. The above-referenced persons/entities signed consents to forfeiture and did not petition the Court for a hearing to adjudicate the validity of their alleged interest in the property as required by

7

21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of their alleged interest in the property has expired.

  d.  Finally, the United States acknowledges and agrees to pay the Transylvania County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

7. **Real property located at Oakhurst Drive, New Jersey (hereinafter RP07)**

  a. RP07 is titled in the name of Zolton Czitter and Eva Czitter.

  b. A copy of the Preliminary Order of Forfeiture was sent via electronic mail to Ben Kuehne, Esq., who agreed to accept service on behalf of Marika Tolz, Trustee of the Tolz Family Trust; Cindy Julianna Orlinsky; Craig Dennis Tolz; and Zoltan Czitter.

  c. The above-referenced persons/entities signed consents to forfeiture and did not petition the Court for a hearing to adjudicate the validity of their alleged interest in the property as required by 21 U.S.C. § 853(n), and the time for petitioning the Court for a hearing to adjudicate the validity of their alleged interest in the property has expired.

  d.  Finally, the United States acknowledges and agrees to pay the Monmouth County Tax Collector all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

8. **Real Property located at 704 SE 3rd Avenue, Hallandale, Florida (hereinafter RP08)**

Upon further review of the records and other related information considered with respect to Marika Tolz' interest in the preliminarily forfeited real property, the United States has determined that 704 SE 3rd Avenue, Hallandale, Florida should not be forfeited and should be dismissed from the Preliminary Order of Forfeiture.

**Wilkinson Interplead Funds**

Funds, including interest, in the approximate amount of $177,531.00, which had been interplead by the Wilkinson Hi-Rise Bankruptcy Trustee in Case No. 06-11939-RBR, Adv.Proc.No.: 10-03628-JKO (the "Interplead Funds") were preliminarily forfeited. Said funds were originally derived from the following bank accounts: Bank of America account ending in -2063, in the name of Statewide Realty Corp,; Bank of American account ending in -0137, in the name of Marika Tolz, Tr. Op. Acct; So.Sec. Bank account ending in -9101, in the name of Statewide Realty Sp.Tr.Acct.; Regents Bank account ending in -1706, in the name of Marika Tolz; and Bank Atlantic account ending in 6760, in the name of State Wide Financial.

Pursuant to Order Modifying Protective Order (D.E. # 44), $25,000 were released from the instant criminal case. In addition, Marika Tolz, as the President and Director of Statewide Financial, signed a Consent to Forfeiture.

After publication and direct written notice was provided, no other petitions and/or claims were filed against the Interplead Funds. As all claims have been addressed by the Court or through stipulation of the parties, and in accordance with 21 U.S.C. § 853(n)(7), the United States shall have clear title in the Interplead Funds, including interest, in the approximate amount of **$152,637.22**.

**Conclusion**

Title 21, United States Code, Section 853(n)(2), provides, in pertinent part, that "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States...may, within thirty days of the final publication of notice or his receipt of [direct written] notice...petition the court for a hearing to adjudicate the validity of his alleged interest in the property." Title 21, United States Code, Section 853(n)(7) provides that "[f]ollowing

the court's disposition of all petitions filed under this subsection...the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee."

Accordingly, based upon the foregoing, the evidence of record, and for good cause shown, it is hereby

ORDERED that the motion of the United States for Final Order of Forfeiture is GRANTED. It is further

ORDERED that all right, title and interest in the following assets and/or the proceeds from the sale of the following assets is hereby forfeited to and title vested in the United States of America pursuant to to18 U.S.C. §§ 1963, 982(a)(1), and 981(a)(1)(C):

## Real Properties

**RP01. Real property located at 1804 Sherman Street, Hollywood, Florida, more particularly described as:**

Lots 12 and 13, North Hollywood Square, according to the Plat thereof, as recorded in Plat Book 16, Page 10, Public Records of Broward County Florida

Agents of the United States Marshal, or any other duly authorized law enforcement official, may seize and take immediate possession of RP01, exercising any and all incidents of ownership with respect thereto, and the property shall be sold and disposed of in accordance with the law. The proceeds from the sale shall be disbursed as follows:

i. Payment to the United States of all costs associated with the seizure, maintenance, and sale; and

ii. Payment to the Broward County Tax Collector of all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

**RP02. Real property located at 815 SW 30th Street, Ft. Lauderdale, Florida, more particularly described as:**

Unit No. N, Building No. 815, of Oak Tree Garden Condominium, according to the Declaration of Condominium thereof, recorded in Official Records Book 6130, Page 26 of the public records of Broward County, Florida, together with an undivided share in the common elements and limited common elements declared in said Declaration of Condominium to be an appurtenance to said above described condominium unit**.**

Agents of the United States Marshal, or any other duly authorized law enforcement official, may seize and take immediate possession of RP02, exercising any and all incidents of ownership with respect thereto, and the property shall be sold and disposed of in accordance with the law. The proceeds from the sale shall be disbursed as follows:

i. Payment to the United States of all costs associated with the seizure, maintenance, and sale;

ii. Payment to the Broward County Tax Collector of all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon; and

iii. Payment to Royal Property Management of all unpaid assessments as are due as of the date of sale (liquidation), together with any interest accrued thereon, second in priority only to the ordinary and necessary expenses incurred by the United States' Marshals Service in connection with the seizure, maintenance, listing, and sale of RP02.  The amount of assessments and costs due through and including May 1, 2012 are: $3,195 (at a rate of $355/month).

**RP03. Real property located at 3031 North Ocean Blvd, Apartment 403, Fort Lauderdale, Florida 33308, more particularly described as:**

Condominium Parcel No 403, Galt Ocean Terrace, a Condominium, according to the Declaration of Condominium thereof, as recorded in Official Records Book 8744, Page 480, Public Records of Broward County Florida;

Agents of the United States Marshal, or any other duly authorized law enforcement official, may seize and take immediate possession of RP03, exercising any and all incidents of ownership with respect thereto, and the property shall be sold and disposed of in accordance with the law. The proceeds from the sale shall be disbursed as follows:

    i. Payment to the United States of all costs associated with the seizure, maintenance, and sale;

    ii. Payment to the Broward County Tax Collector of all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon; and

    iii. Payment to Galt Ocean Terrace Condominium Association of all unpaid assessments as are due as of the date of sale (liquidation), together with any interest accrued thereon, second in priority only to the ordinary and necessary expenses incurred by the United States' Marshals Service in connection with the seizure, maintenance, listing, and sale of RP03. The amount of assessments and costs due through and including May 1, 2012 are: $5,163 (with an additional $583 monthly as of June 1, 2012).

**RP04. Real property located at 2344 North Federal Highway, Hollywood, Florida, more particularly described as:**

    Lot 11 and the North 8.57 Feet of Lot 10, Amended Plat of North Hollywood Square, according to the Plat thereof, as recorded in Plat Book 16, Page 10, Public Records of Broward County Florida.

Agents of the United States Marshal, or any other duly authorized law enforcement official, may seize and take immediate possession of RP04, exercising any and all incidents of ownership with respect thereto, and the property shall be sold and disposed of in accordance with the law. The proceeds from the sale shall be disbursed as follows:

    i. Payment to the United States of all costs associated with the seizure, maintenance, and sale; and

    ii. Payment to the Broward County Tax Collector of all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

**RP05. Real property located at 229 Fernwood Lane, Pisgah Forest, North Carolina, more particularly described as:**

    Beginning on a 1' iron pipe, the northwest corner of the tract conveyed to L.S. Parsons and wife and Jack French Parsons and wife by Nell Wilson in deed book 191 Page 599, and runs thence South 33 deg. 51 min. West (crossing a small branch at approximately 15 fee[t][sic], a 1' iron pipe at 194.27 feet) 213.45 feet to a point in the center of Fernwood Drive; thence with the center of Fernwood Drive, three (3) calls. North 47 deg. 26 min. West 36.44 feet to a point located North 43 deg. 40 min. East 32.22 feet from an iron pipe, corner of Carl

12

Walden; North 48 deg. 26 Min. West 47.17 feet; and North 58 deg. 29 min. West 77.13 feet; thence leaving said drive, North 09 deg. 15 min. East (passing an iron pipe at 18.08 feet, crossing a small branch at approximately 200 feet) 235.18 feet to a 1" iron pipe; thence South 52 deg. 19 min. East (recrossing the aforesaid branch at approximately 15 feet, and the first branch mentioned at approximately 215 feet) 262.56 feet to the point of beginning, and recorded in Plat File 9, Slide Records of Plats for Transylvania County North Carolina. Together with the right-of-way more particularly described in Deed Book 266, Page 633, Transylvania County Register;

Agents of the United States Marshal, or any other duly authorized law enforcement official, may seize and take immediate possession of RP05, exercising any and all incidents of ownership with respect thereto, and the property shall be sold and disposed of in accordance with the law. The proceeds from the sale shall be disbursed as follows:

    i. Payment to the United States of all costs associated with the seizure, maintenance, and sale; and

    ii. Payment to the Transylvania County Tax Collector of all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

**RP06.** **Real property located at 252 Fernwood Lane, Pisgah Forest, North Carolina, more particularly described as:**

BEGINNING on a 1' iron pipe, the northwest corner of the tract conveyed to L.S. Parsons and wife and Jack French Parsons and wife by Nell Wilson in deed book 191, Page 599, and runs thence South 33 deg. 51 min. West (crossing a small branch at approximately 15 feet, a 1' iron pipe at 194.27 feet) 213.45 feet to a point in the center of Fernwood Drive; thence with the center of Fernwoode Drive three (3) calls; North 47 deg. 26 min. West 36.44 feet to a point located North 43 deg. 40 min. East 32.22 feet from an iron pipe, corner of Carl Walden; North 48 deg. 26 min West 47.17 feet and North 58 deg. 29 min. West 77.13 feet; thence leaving said drive, North 09 deg. 15 min. East (passing an iron pipe at 18.08 feet, crossing a small branch at approximately 200 feet 235.18 feet to a 1' iron pipe; thence South 52 deg. 19 min. East (recrossing the aforesaid branch at approximately 15 feet, and the first branch mentioned at approximately 215 feet) 262.56 feet to the point of BEGINNING, and recorded in Plat File 9, Slide/Records 743 of Plats for Transylvania County, North Carolina;

Agents of the United States Marshal, or any other duly authorized law enforcement official, may seize and take immediate possession of RP06, exercising any and all incidents of ownership

with respect thereto, and the property shall be sold and disposed of in accordance with the law. The proceeds from the sale shall be disbursed as follows:

>i. Payment to the United States of all costs associated with the seizure, maintenance, and sale; and

>ii. Payment to the Transylvania County Tax Collector of all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

**RP07. Real property located at Oakhurst Drive, New Jersey, more particularly described as:**

>BEGINNING at a point in the southeasterly side of Oakhurst Drive, distant sixty five feet northeastly from the point of intersection of the southeasterly side of Oakhurst Drive with the northeasterly side of Oakdale Avenue, also being in the corner of Lot Number Ten Block "E" on said Map and running thence (1) northeasterly, along said Oakhurst Avenue six Hundred and Thirty feet to Oakwood Way; thence (2) southeasterly along Oakwood Way, one hundred and seventy three feet and two tenths of a foot along Oakwood Way, one hundred and seventy three feet and two tenths of a foot (173.2) to Lot Number Eight on said Map; thence (3) southwesterly, along Lot N umber Eight, one hundred and thirty five (135) feet to an angle; thence (4) still along said Eight, one Hundred and Thirty (130) feet; more or less, to an angle; thence (5) southerly still along said Lot Number Eight, sixty five (65) feet to the northwesterly corner of Lot Number Five; thence (6) Southwesterly, along an alleyway and Lot N umber Three; one hundred and forty seven (147) feet to Lot Number Ten; thence (7) Northwesterly along Lot Number Ten, ninety (90) feet to an angle; thence (8) in a northwesterly direction still along lot Number Ten, two hundred and fifty (250) feet to the point or place of Beginning.

Agents of the United States Marshal, or any other duly authorized law enforcement official, may seize and take immediate possession of RP07, exercising any and all incidents of ownership with respect thereto, and the property shall be sold and disposed of in accordance with the law. The proceeds from the sale shall be disbursed as follows:

>i. Payment to the United States of all costs associated with the seizure, maintenance, and sale; and

>ii. Payment to the Monmouth County Tax Collector of all outstanding ad valorem taxes, assessments, and liens, if any, accrued up to the date of the entry of the final order of forfeiture, together with any interest accrued thereon.

**Wilkinson Interplead Funds**

Funds, including interest, in the approximate amount of **$152,637.22** which had been interplead by the Wilkinson Hi-Rise Bankruptcy Trustee in Case No. 06-11939-RBR, Adv.Proc.No.: 10-03628-JKO.

The Federal Bureau of Investigations, or any duly authorized law enforcement agency, shall dispose of the assets in accordance with the law. It is further

ORDERED that the following property is DISMISSED from the Preliminary Order of Forfeiture: Real Property located at 704 SE 3rd Avenue, Hallandale, Florida.  It is further

ORDERED that the United States District Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

DONE AND ORDERED in Chambers at  Miami, Florida this _____ day of _____, 2012.

_____
HONORABLE JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: AUSA Evelyn B.  Sheehan (3 certified copies)